UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KIMBERLY A BRAUN TAYLOR and
DANIEL S TAYLOR

        Plaintiffs,

v.

WORLD SAVINGS BANK, F.S.B.; et al.,

        Defendants.

3:11-cv-0466-LRH-RAM

ORDER

      Before the court is defendants Ticor Title of Nevada, Inc. ("Ticor") and Stanley Silva's ("Silva") motion to dismiss. Doc. #3.[1] Plaintiffs Kimberly Braun Taylor and Daniel Taylor ("the Taylors") did not file an opposition.

      The Taylors purchased real property through a loan secured by a mortgage note and deed of trust. The Taylors defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

      Subsequently, on June 2, 2011, the Taylors filed a complaint against defendants alleging nine causes of action: (1) debt collection violations; (2) Unfair and Deceptive Trade Practices Act; (3) Unfair Lending Practices; (4) breach of the covenants of good faith and fair dealing; (5) violation of NRS 107.080; (6) quiet title; (7) fraud in the inducement; (8) slander of title;

---

[1] Refers to the court's docketing number.

(9) and abuse of process. Doc. #1, Exhibit A. Thereafter, moving defendants filed the present motion to dismiss to which the Taylors did not file an opposition. Doc. #3.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), the Taylors' failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Moving defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to the plaintiffs because the Taylors have shown an unwillingness to continue litigating their complaint which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #3) is GRANTED. Defendants Ticor Title of Nevada, Inc. and Stanley Silva are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 5th day of October, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE